UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-23189-CIV-MORENO

WESTCHESTER FIRE INSURANCE
COMPANY,

        Plaintiff,

vs.

VECTOR AEROSPACE,

        Defendants.
_____/

## **ORDER GRANTING MOTION TO DISMISS**

Plaintiff Westchester Fire Insurance Company filed a breach of a third-party beneficiary contract claim against Defendant Vector Aerospace. Defendant Vector Aerospace is a Canadian corporation and is moving to dismiss arguing the Court lacks personal jurisdiction. Plaintiff has not met its burden to establish personal jurisdiction as Defendant's contacts with Florida are not continuous and systematic enough to make Florida home. The Court also finds the Plaintiff has not sufficiently explained why jurisdictional discovery would remedy the jurisdictional issue. Accordingly, the Court grants the Defendant's motion to dismiss finding the Court lacks personal jurisdiction.

THIS CAUSE came before the Court upon Defendant Vector Aerospace's Motion to Dismiss **(D.E. 35)**, filed on **February 21, 2017**.

THE COURT has considered the motion, the response pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

# I. Background

Plaintiff, Westchester Fire Insurance Company, is the subrogee of claims belonging to its insured, the Puerto Rico Electric Power Authority. In the Amended Complaint, the Plaintiff alleges the Defendant Vector Aerospace, a Canadian company, performed inspection and maintenance work on the engine and failed to detect and repair defects in the engine. Plaintiff alleges the helicopter owned by the Puerto Rico Electric Power Authority suffered an engine failure and crashed on July 24, 2015, resulting in a total loss of the helicopter. Plaintiff asserts one claim against Defendant Vector Aerospace for breach of the third-party beneficiary contract.

Defendant Vector Aerospace is moving to dismiss the Amended Complaint asserting there is no personal jurisdiction, the claim is time-barred, and the Plaintiff fails to state a claim for breach of the third-party beneficiary contract.

# II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not

merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Legal Analysis
### A. Personal Jurisdiction

Federal courts ordinarily follow state law in determining their jurisdictions over persons, so long as the exercise of jurisdiction is consistent with federal due process requirements. *See* Fed. R. Civ. P. 4(k)(1)(A); *Daimler AG v. Bauman*, 134 S. Ct. 746, 753-54 (2014). The Court therefore, looks to the Florida long-arm statute to determine whether there is jurisdiction over Vector in this case. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). Plaintiff argues its case against Defendant Vector falls under the rubric of general jurisdiction under Florida Statute § 48.193(2), which permits general jurisdiction over a foreign defendant that "is engaged in substantial and not isolated activity" in Florida and "whether or not they involve the defendant's activities in Florida." *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1204 (11th Cir. 2015). "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *See Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010). With respect to general jurisdiction under Florida's long-arm statute, therefore, the Court must determine whether the exercise of personal jurisdiction over Vector exceeds constitutional bounds. In so doing, the Court notes that it is a plaintiff's burden to establish personal jurisdiction. *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

General jurisdiction allows federal courts to hear cases against foreign corporations when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). *Goodyear* clarified that "only a limited

3

set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S. Ct. at 760. Certainly, a corporation's place of incorporation and principal place of business are "bases for general jurisdiction." *Daimler*, 134 S. Ct. at 760. In this case, it is undisputed that Defendant Vector is not incorporated in Florida, nor does it have its principal place of business here. That being the case, *Goodyear* instructs the Court to examine whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear*, 564 U.S. at 919).

Put another way, this plaintiff, like the *Daimler* plaintiff, is requesting the Court look beyond those exemplars, the place of incorporation and the principal place of business, and approve the exercise of general jurisdiction based on the determination that Vector's contacts in Florida are so "continuous and systematic" as to render it essentially at home here. *Id.* (quoting *Goodyear*, 564 U.S. at 919). The *Daimler* Court added that in a transnational context, as is the case here, federal courts must also heed principles of international comity and should not employ an expansive view of general jurisdiction. *Id.* at 763 (holding there was no general jurisdiction in California over claims arising in Argentina against a German corporation).

Mindful of this guidance, the Court looks to the contacts Vector has with Florida to determine whether its contacts with Florida are so "continuous and systematic" as to render it at home here. Vector generated 1.9% of its 2014 and 2.9% of its 2015 revenue from Florida.[1] Plaintiff also alleges that Vector participated in trade shows in West Palm Beach, St. Augustine, and Orlando, Florida. Plaintiff also asserts that information on Vector's website identifies Scott McEwen as the Regional Sales Manager and Mike Brown as the Sale and Service Manager for Florida. The Plaintiff does not assert that those employees have an office in Florida or are

---

[1] Without any evidentiary support, Plaintiff concludes that although these revenue percentages are low, they may actually correspond to large dollar amounts generated in Florida. *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 259 (Fla. 4th DCA 2011).

4

located in Florida. Beyond these facts, the Plaintiff does not allege any other contacts with Florida. Plaintiff, however, requests the Court allow jurisdictional discovery so that it can rebut the assertions made by Paul Cockell in his declaration in support of the motion to dismiss. In that declaration, Mr. Cockell asserts that Vector does not lease or own property in Florida, does not have any ties to any Florida financial institutions, has never engaged in marketing exclusively in Florida, and has never designed a product or service for sale in Florida. The Court agrees with the Defendant that these facts are insufficient to find that Vector is at "home" in Florida. The question is whether the Court will allow Plaintiff jurisdictional discovery to buttress its position.

1. Jurisdictional Discovery

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Jurisdictional discovery is ordered where there is a dispute concerning jurisdictional facts. *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009). A plaintiff that requests jurisdictional discovery must "set forth specific information . . . that will establish personal jurisdiction." *Zamora Radio, LLC. v. Last.fm LTD.*, No. 09-20940-CIV, 2011 WL 2580401, at *11 (S.D. Fla. June 28, 2011). There must be a connection between the discovery sought and jurisdiction. *Utsey v. New Eng. Mut. Life Ins. Co.*, Case No. 07-0199-WS-M, 2007 WL 1076703, at *2 (S.D. Ala. April 9, 2007) ("There is no absolute right to conduct jurisdictional discovery; indeed, courts have routinely denied such requests in the absence of any specific showing by the movant establishing the need for same."); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying request for jurisdictional discovery, and granting defendant's motion to dismiss for lack of jurisdiction, when plaintiff did not show how such discovery would bolster its position).

5

In this case, the Plaintiff did not provide its own affidavit and wants discovery to "test the veracity of the statements made by" Paul Cockell in support of the motion to dismiss. *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016). In *Brown*, Judge Ungaro did not allow jurisdictional discovery holding the plaintiff's failure to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute. *See also Thompson v. Carnival Corp.*, No. 15-CV-24115, 2016 WL 1242280, at *7 (S.D. Fla. Mar. 30, 2016) (Moore, J.) (exercising discretion and not allowing jurisdictional discovery).

This Court does not find it appropriate to provide Plaintiff an opportunity to engage in jurisdictional discovery because "there is no genuine dispute on a material jurisdictional fact to warrant discovery." *Peruyero v. Airbus, S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014).

DONE AND ORDERED in Chambers at Miami, Florida, this 26 of September 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record